LENZY *v.* STATE

No. 40138          May 28, 1956          87 So. 2d 572

*Alexander, Feduccia & Alexander,* Cleveland, for appellant.

*John H. Price, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

HALL, J.

Lonnie Lenzy was jointly indicted with Angus E. Bolton and Horace Grisby for the robbery of Tom Levingston of $170.00. A severance was granted and Lenzy was tried separately and convicted and sentenced to the penitentiary for a term of fifteen years, from which he appeals.

There is no substantial dispute in the evidence. It shows that the appellant was employed in the freight warehouse of the C. B. & Q. Railroad in Chicago. His employment was part time only, and in his spare time he was engaged in shining shoes. It seems that his shoeshine stand was on the sidewalk. He owned a 1951 Plymouth automobile which was kept parked in the street at the curb adjacent to his shoeshine stand and was used as a waiting spot for customers who desired to be served.

He became acquainted with Grisby at this shoeshine stand
and in the latter part of May 1955 Grisby approached
him with reference to renting the car to make a trip to
Mississippi, where he desired to visit his father who lived
in Greenville. They agreed on a price of $50.00 for the
trip with Grisby paying all expenses. Lenzy was born
in Georgia and had never been to Mississippi and he was
to make the trip with Grisby. When they were ready to
leave Grisby informed Lenzy that he wished to go by
Gary, Indiana, and pick up a friend who had a brother
living in Mound Bayou, Mississippi. They left Chicago
late on the last Friday night in May and went to Gary,
Indiana, where they picked up Bolton. The two of them
paid Lenzy the $50.00 agreed on for the trip and they
all departed for Mississippi. Each one drove a part of
the time. They arrived in Memphis, Tennessee, late Sun-
day with a bursted exhaust pipe and they remained over
until Monday to get this repaired in Memphis. They
left Memphis about 3 or 4 P.M. on Monday and came
on to Mississippi, travelling on U. S. Highway No. 61.
They needed gasoline when they arrived at Shelby, Mis-
sissippi, and Grisby bought the gasoline for the car and
made inquiry as to where they could obtain some whiskey.
They had been drinking some along the way, but none of
them were drunk. They were told that there was a liquor
store on Highway 61 about 2 miles north of Cleveland,
Mississippi. They had driven all of Friday night and
Saturday night and were sleepy. Bolton was driving the
car when they left Shelby and Grisby was riding on the
front seat with him. Lenzy was riding on the back seat
and went to sleep. Bolton and Grisby found the liquor
store and turned the car around and headed it back north
and parked it by the side of the highway about 200 yards
from Levingston's liquor store. Grisby and Bolton both
had guns but Lenzy did not know this and he had no gun
himself. Grisby and Bolton got out of the car and went
in the liquor store and held up and robbed the proprietor

of approximately $176.00. Lenzy was asleep on the back seat of the car during all of this procedure. They came back to the car after the robbery, having bought a half-pint of liquor at the beginning of the robbery. They threw this bottle on the back seat and it struck Lenzy and awakened him. They then drove north and in the meantime Levingston had notified the authorities of the robbery. The officers set up a road block just south of Clarksdale and the three of them were apprehended there and were shortly carried back to Levingston's liquor store above Cleveland. Levingston promptly identified Bolton and Grisby as the two who had robbed him but he said that he had never seen Lenzy before. All three of the prisoners were searched and Bolton and Grisby had more money on them than the amount taken in the robbery. Lenzy had $100.00 on his person which he stated consisted of some money that he already had before leaving Chicago amounting to between $45.00 and $55.00 plus the $50.00 which Grisby and Bolton had paid him.

Neither Grisby nor Bolton testified in the case. Lenzy testified that he knew nothing of the robbery, was asleep at the time, did not know that either of his companions possessed a gun and did not hear them talk about any robbery or make any plans toward a robbery and he denied fully all connection with it. His statement is reasonable and is not contradicted by any of the physical facts or by any testimony in the case. His only crime seems to be that he rented his car to two criminals and was riding on the back seat with them when they were caught. A proper request was made for a peremptory instruction, which was refused by the trial court and the case submitted to the jury. ■■ ■ We have carefully examined the record and we are of the opinion that the requested peremptory instruction should have been granted as there was no evidence of any nature to connect the appellant with this crime. The judgment of the

308

lower court will therefore be reversed and the appellant discharged.

Reversed and appellant discharged.

*McGehee, C. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.